**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

FILED BY ____ D.C.
SEP 10 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ERNESTO GARCIA,

Petitioner,

v. Case No. ____________________

***WARDEN***

Krome Detention Center

18201 Southwest 12th Street

Miami, Fl 33194

Garret Ripa

***FIELD OFFICE DIRECTOR***

U.S. Immigration and Customs Enforcement

Miami Field Office,

Pam Bondi

***ATTORNEY GENERAL OF THE UNITED STATES***

---

**PETITION FOR WRIT OF HABEAS CORPUS**

**(28 U.S.C. § 2241)**

Petitioner Ernesto Garcia, by and through pro se, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241 to remedy his unlawful, prolonged, and indefinite civil immigration detention, and in support states as follows:

## ***INTRODUCTION***

I, Ernesto Garcia, am the Petitioner in this case, and I am filing this petition for a writ of habeas corpus on my own behalf, without a lawyer (pro se). I am a 68-year-old lawful permanent resident of the United States and a citizen of Spain. I am currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Krome North Service Processing Center in Miami, Florida.

I have been detained since ***December 16, 2025, more than 8 months.*** I am being held under 8 U.S.C. § 1231(a)(6), the law that allows detention after a final order of removal. Under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), this law does not allow the Government to detain me indefinitely. It allows detention only for the time reasonably necessary to actually remove me from the United States, which the Supreme Court said is presumptively six months (180 days)

The Government cannot remove me. Cuba, my country of birth, has already refused to take me back, that is why I was released after my 2014 removal order and lived in the community for about 11 years. Spain, of which I am a citizen, is willing to receive me, but the Spanish Consulate has told my family in writing that it is waiting for ICE to provide a flight itinerary, and ICE has not done so. In other words, I am still detained not because I have done anything wrong, but because of a lack of coordination on the Government's side.

I respectfully ask this Court to order my release under an order of supervision. I am not a flight risk, I have strong family ties here, my family is willing to pay for my airfare to Spain if I am removed there, and I urgently need medical care that I am not receiving in detention.

## *JURISDICTION AND VENUE*

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (the Suspension Clause). Federal courts retain jurisdiction over habeas challenges to the lawfulness of immigration detention. See *Zadvydas*, 533 U.S. at 687-88; *Demore v. Kim*, 538 U.S. 510, 516-17 (2003). Petitioner does not challenge a final order of removal, so 8 U.S.C. § 1252(g) does not bar review.

2. Venue is proper in the Southern District of Florida because Petitioner is detained within this District at the Krome North Service Processing Center, and his immediate custodian is located here. See *Rumsfeld v. Padilla*, 542 U.S. 426, 442-47 (2004).

## *RESPONDANTS*

3. Warden of the Krome North Service Processing Center and Petitioner's immediate custodian, sued in his/her official capacity.

4. Miami Field Office Director for ICE Enforcement and Removal Operations, sued in his/her official capacity.

5. Attorney General of the United States

## ***FACTUAL BACKGROUND***

6. I entered the United States legally on May 3, 1995, by airplane, from the U.S. Naval Base at Guantánamo Bay to Homestead Air Base, Florida. I later became a lawful permanent resident (I obtained a green card).
7. Although I was born in Cuba, I am also a citizen of Spain by origin. About two years ago, I obtained my Spanish Literal Birth Certificate through Spain's Democratic Memory Law, which establishes my Spanish nationality. I have not yet obtained a physical Spanish passport.

### ***My 2014 removal order and 11 years of compliance***

8. On or about October 20, 2014, I was ordered removed. ICE was not able to remove me to Cuba because the Cuban government would not accept me. I was released on an order of supervision.
9. For approximately eleven years after that, I lived in the community and followed all of the rules of my supervision. I reported to ICE for check-ins about once a year, including at the ICE office in Miramar, Florida. I never failed to appear. During all of those years, Cuba never issued a travel document for me, and ICE never removed me.

### ***My re-detention and transfers***

10. On December 16, 2025, when I went to my routine check-in at the Miramar ICE office, ICE detained me. I was taken to the Krome North Service Processing Center in Miami.
11. Over the following weeks I was transferred among several detention facilities, including a facility in El Paso, Texas, and a facility in Alexandria, Louisiana, before being returned to Krome in Miami, where I remain today.

***<u>Spain is willing to receive me, but ICE has not provided a flight itinerary</u>***

12. After I was detained, my family immediately contacted the Consulate General of Spain to request a safe-conduct document (salvoconducto) or temporary travel document so that I could travel to Spain as a Spanish citizen.

13. While I was detained in El Paso, a Spanish consular official visited me in person. She explained that ICE would take my photograph and send it to the Consulate so that my travel document could be processed, and she described how my travel to Spain would work. That same night, I was transferred to Alexandria, Louisiana, and later transferred again.

14. Later, at Krome, ICE officers told me that I would be flying to Madrid in about ten days, and they took my photograph to send to the Consulate General of Spain in Miami. I was very hopeful. But the flight never happened.

15. On other occasions, ICE officers told me that Spain did not want to receive me. That is not true. The Consulate has repeatedly told my family that it is ready to process my travel document and is only waiting on the U.S. authorities.

16. In an email to my family dated April 10, 2026, a consular official of the Consulate General of Spain in Miami wrote that the Consulate was "awaiting the flight itinerary from the US authorities," and referred to an earlier message on the same subject dated March 20, 2026. The Consulate also explained that it could not share the flight details with my family because of security protocols set by the U.S. authorities and data-protection law. A copy of this email, with an English translation, is attached to the accompanying declaration as **Exhibit A**.

17. To my knowledge, ICE still has not provided the Consulate with the flight itinerary it needs. As a result, Spain has not been able to issue my salvoconducto, and I remain detained even though Spain is ready to receive me.

18. Believing I would soon travel, my family prepared a carry-on bag with the belongings I was allowed to bring. Krome's Property Department accepted the bag and placed it in storage.

***My medical condition***

19. I am 68 years old and my health is serious and getting worse in detention. I am a stroke survivor, and the stroke left one side of my body weak. I also have diabetes and high blood pressure. I need physical therapy, regular medical monitoring, and specialized care. The care available to me in detention is very limited.

***My ties and lack of flight risk***

20. I have lived in the United States since 1995. I have family here, including my daughter Yaimara, who is a U.S. resident. My eleven years of faithful reporting to ICE show that I am not a flight risk. If I am released, I can live with or near family, and my family is willing and able to pay for my airline ticket to Spain to help complete my removal there in an orderly way.

## ***GROUNDS FOR RELIEF: Ground One — My detention beyond six months violates 8 U.S.C. § 1231(a)(6) and Zadvydas v. Davis.***

21. I restate all of the facts above. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6) does not authorize indefinite detention and permits detention only for a period reasonably necessary to carry out removal, which is presumptively six months. After six months, if a detainee gives good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must provide evidence to rebut that showing or release the person. The same rule applies to lawful permanent residents and to others ordered removed. See *Clark v. Martinez*, 543 U.S. 371 (2005).

22. My presumptively reasonable six-month period ended on or about June 14, 2026. I have now been detained for roughly eight and a half months. I have given good reason to believe there is no significant likelihood that I will be removed in the reasonably foreseeable future: Cuba has refused to take me and did not remove me during the eleven years my order was outstanding, and Spain — although willing — has not been able to receive me because ICE has not provided the flight itinerary the Consulate needs. No travel document has been issued for me and no removal date has been set. My continued detention is therefore beyond what § 1231(a)(6) allows.

## ***Ground Two — The delay in my removal is caused by the Government, not by me.***

23. I restate all of the facts above. Under 8 U.S.C. § 1231(a)(1)(C), the removal period can be extended only if the detainee fails or refuses to cooperate with efforts to remove him. That does not apply to me. I have cooperated fully. I reported to ICE for eleven years, I allowed ICE to photograph me for the Spanish travel document, my family has actively worked with the Spanish Consulate, and I am ready and willing to travel to Spain. The reason my removal has not happened is that ICE has not provided the Consulate with a flight itinerary. The Government cannot rely on a delay of its own making to justify keeping me detained.

***Ground Three — My continued detention violates the Due Process Clause of the Fifth Amendment.***

24. I restate all of the facts above. The Due Process Clause protects against prolonged, potentially indefinite physical detention. Keeping me detained when there is no significant likelihood of removal in the reasonably foreseeable future, and when I am a 68-year-old stroke survivor with diabetes and hypertension who needs medical care I am not receiving, violates both the substantive and the procedural protections of the Fifth Amendment.

***Relief Requested***

For these reasons, I respectfully ask this Court to:

a. Order the Respondents to show cause, within three days, why this petition should not be granted;
b. Declare that my continued detention violates 8 U.S.C. § 1231(a)(6) and the Fifth Amendment;
c. Order my immediate release from detention under an order of supervision, with any reasonable conditions the Court finds appropriate.
d. Grant any other relief that is just and proper.

## ***CERTIFICATE OF SERVICE***

I, ERNESTO GARCIA, hereby certify that on the date signed above, I served true and correct copy of this Petition & Emergency & Expedite Motion by depositing them in United States Mail, first-class postage prepaid, addressed as follows:

Clerk of Court
United States District Court, Southern District of Florida
400 North Miami Avenue
Miami, Florida 33128

AND

United States Attorney's Office
Southern District of Florida
99 Northeast 4th Street
Miami, Florida 33132

AND

Garrett Ripa, Field Office Director
U.S. Immigration and Customs Enforcement, Miami Field Office
865 SW 78th Avenue, Suite 101
Plantation, Florida 33324

I declare under penalty of perjury that the foregoing is true and correct.

## ***VERIFICATION AND DECLARATION UNDER PENALTY OF PERJURY***

I, ERNESTO GARCIA, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1) I am the Petitioner named in this action
2) I have read this Petition, or had it read to me in a language I understand
3) The facts stated in this Petition are true and correct to the best of my knowledge and belief; and
4) I understand that a false statement of material fact may serve as the basis for a prosecution for perjury.

Signature: E. G.

Name: ERNESTO GARCIA

A-Number: 074-029-768

# Solicitud de revisión de salvoconducto – Ernesto García Bolaños / Certificado de Nacimiento Español 3MX2OQ5EI00060936417X (Application for review of safe-conduct pass – Ernesto García Bolaños / Spanish Birth Certificate 3MX2OQ5EI00060936417X) Inbox

**Puppies and Groomong** Apr 7, 2026, 10:46 AM

Hola Sra. Isabel García.Espero que se encuentre bien. Quisiera saber el estado del salvoconducto y del pasaporte temporal de mi hermano Ernesto Garcia Bolaños .

**Garcia Rodriguez, Isabel Cristina** <isabel.garcia@maec.es> Apr 10, 2026, 12:29 PM

to .. ., me

Translated: Spanish → English

Translate can make mistakes, so verify translations

Dear Mr. Garcia;

In response to your message, we inform you that we are awaiting the flight itinerary from the US authorities.

As mentioned in my message dated 20-03-2026, I remind you that we cannot provide you with the flight details on which your brother will be transferred due to security protocols established by the US authorities and the Personal Data Protection Act.

Sincerely,

Isabel Garcia

**Consulate General of Spain in Miami**

2655 Le Jeune Road, Suite 203

Coral Gables, FL 33134

Phone: (305) 446-5511

Email: cog.miami@maec.es

GOBIERNO DE ESPAÑA MINISTERIO DE ASUNTOS EXTERIORES, UNIÓN EUROPEA Y COOPERACIÓN

www.exteriores.gob.es

PRESS FIRMLY TO SEAL

FSC MIX FSC® C118915

how2recycle.info PAPER POUCH

PRESS FIRMLY TO SEAL

RDC 03

589 0710 5270 4194 7333 45

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

589 0710 5270 4194 7333 45

...TES ...VICE®

PRIORITY® MAIL

FROM: Ernesto Garcia
1916 SE 11 ST
Homestead, FL 33035

...for domestic use.

...) of insurance (restrictions apply).*

- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com.*

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

TO: Clerk of Court
United States District Court,
Southern District of Florida
400 North Miami Avenue
Miami, Florida 33128

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

REC'D BY ____ D.C.
SEP 10 2026

TRACKED ■ INSURED

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

how2recycle.info PAPER POUCH

REC'D BY ____ D.C.
SEP 10 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Ernesto Garcia – Habeas Corpus Filling