**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:26-cv-26279-CMA

ERNESTO GARCIA,

Petitioner,

vs.

WARDEN, Krome Detention Center, ET AL.;

Respondents.
________________________________/

**RESPONDENTS' EXPEDITED MOTION FOR EXTENSION OF TIME TO FILE RETURN TO PETITON FOR WRIT OF HABEAS CORPUS**

Respondents on an expedited[1] basis moves for a one-week extension to file a Return/response to the Petition for Writ of Habeas Corpus [DE 1] and this Court's Order requiring a Response to the Petition [DE 3], and state:

1. This matter relates to a Petition for Writ of Habeas Corpus filed on September 10, 2026 wherein Petitioner raised a *Zadvydas v. Davis* challenge alleging that he has been in custody for over 180 days and that his removal is not reasonably foreseeable in the future. D.E. 1.

2. On September 11, 2026, this Court entered an order requiring Respondents respond to the Petition by September 25, 2026. D.E. 3.

3. Although Petitioner claims to be a citizen of Spain, he admits that as of the filing of his Petition he does not have a Spanish Passport. D.E. 1 ¶ 7.

[1] Given the deadline to file a response is today, the motion is filed on an expedited basis. Undersigned was under the impression that the evidence required would be provided by Wednesday after conferring with ICE ERO's representative; however, as of the filing of this Motion, Respondents have not provided undersigned with the evidence needed to respond to the Petition. That said, undersigned has been in consistent communications with ICE ERO and can attest that, according to ICE ERO's representative, efforts are being made to coordinate Petitioner's removal with the Spanish Consulate.

4. In his Petition, Petitioner states that he is willing to be removed to Spain and that Spain, a country of which he purports to be citizen, is willing to accept him. *Id*. ¶¶ 22-23

5. Respondents are currently in negotiations with the Spanish Consulate, and have been in negotiations for over a month, to determine whether Spain would issue travel authorization for Petitioner, which is necessary given his lack of a Spanish passport.

6. As of the filing of this Motion, Spain has not made a final decision as to whether it would issue travel documents to Petitioner.

7. Undersigned and ICE Counsel had been in constant communication from September 22 through today concerning the production of materials necessary to respond to the Petition[2], and ICE Counsel agreed that it can have information responsive to this Court's Order and necessary to respond to the Petition within a week. Specifically, the main factual issue is whether Spain, or another country, is willing to accept Petitioner, which is important to the analysis of whether removal is foreseeable under *Zadvydas*.

8. Consequently, the government requests a one-week extension of time to respond to this Court's Order and the Petition.

9. Respondents do not seek an extension of time for the purposes of delay, and there will be no prejudice to Petitioner if the Court grants the motion given that Petitioner is willing to be removed to Spain.

10. This extension if granted will not impact the Court's trial setting as this matter has not been set for trial, nor any deadline set forth by the Court other than the deadline for which the extension is sought. "District courts enjoy broad discretion in deciding how to best manage the

[2] Undersigned first requested from ICE the materials necessary to respond to this Petition on September 14, 2026. ICE ERO did not inform undersigned until September 25, 2026 at 3pm that additional time was necessary to coordinate with the Spanish Consulate.

cases before them." *Gibson v. Lynn Univ., Inc.*, 2020 WL 6700448, at *1 (S.D. Fla. Oct. 29, 2020) (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)); *see also Young v. City of Palm Bay*, 358 F.3d 859, 863 (11th Cir. 2004) (explaining that the district court has "managerial power to maintain control over its docket" which includes discretion over whether to grant or deny a motion for an extension of time).

WHEREFORE, Respondents respectfully request a one-week extension to file a response to the Petition [DE 1] and this Court's Order [DE 3], and such other relief as this Court deems just and necessary.

**Certificate of Conferral Pursuant to Local Rule 7.1(a)(3)**

Plaintiff is currently in detention and pro se. As such, undersigned was unable to confer with Plaintiff concerning the relief sought herein after it became clear that an extension would be needed. As of the filing of this motion, the parties have not agreed to the relief sought herein.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

*/s/ Francisco Armada*
Francisco Armada
Assistant United States Attorney
Fla. Bar No. 45291
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
Tel: (954)660-5931
Email: Francisco.Armada@usdoj.gov

*Attorney for the Respondents*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 25, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By: *<u>/s/ Francisco Armada</u>*
Assistant United States Attorney