**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-26279-CIV-ALTONAGA**

**ERNESTO GARCIA,**
Petitioner,

v.

**WARDEN, KROME**
**DETENTION CENTER, et al.,**

Respondents.
_________________________________/

**DECLARATION OF DEPORTATION OFFICER LUIS CRESPO**

Pursuant to 28 U.S.C. §1746, I, Luis Crespo, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information, and belief as made known to me in the course of my professional duties.

1. I am a Deportation Officer (DO) for Enforcement and Removal Operations (ERO), Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS). I have been employed with ICE since March 1, 2020.
2. I am stationed at Krome North Services Processing Center (Krome), where I am assigned the case management of aliens who are detained by ICE while they are in removal proceedings or awaiting removal based on an administratively final order of removal.
3. Detainees who are in exclusion, deportation, or removal proceedings under the Immigration and Nationality Act (INA) are housed at Service Processing locations under the authority of ICE, as are detainees who are pending appeal results from the Board of

Immigration Appeals (Board), or those with administrative final orders of removal who are being processed for removal.

4. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, employees of DHS contract facilities, and information portals maintained and relied upon by DHS in the regular course of business.

5. Ernesto Garcia, (Petitioner) is currently detained at Krome. The purpose of this declaration is to provide information to the Court on the status of Petitioner's removal.

**Immigration History**

6. Petitioner is a native and citizen of Cuba.

7. On May 3, 1995, U.S. Customs and Border Protection paroled Petitioner into the United States in Miami, Florida.

8. On May 23, 2001, Immigration and Naturalization Service (INS) adjusted Petitioner's status to lawful permanent resident pursuant to the Cuban Adjustment Act.

9. On January 29, 2010, Petitioner was convicted in Miami Dade County, Florida for five counts of sexual battery on a minor under twelve years old and sentenced to seven years imprisonment followed by fifteen years' probation.

10. On August 6, 2014, the Department of Homeland Security (DHS) filed a Notice to Appear with the Executive Office for Immigration Review (EOIR), charging Petitioner with removability under INA § 237(a)(2)(A)(iii), as an alien who at any time after admission, was convicted of an aggravated felony, as defined in Section 101(a)(43)(U) of the Immigration and Nationality Act, to wit, a law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the INA; and INA § 237(a)(2)(E)(i), as an alien who at any time after admission has been

convicted of crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment.

11. On October 20, 2014, following an individual hearing, the immigration judge ordered Petitioner removed to Cuba. Petitioner waived appeal, and accordingly, the removal order became final on October 20, 2014.

12. On May 26, 2015, U.S. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) released Petitioner under Order of Supervision (OSUP).

13. On December 15, 2025, ICE ERO encountered Petitioner at his scheduled OSUP appointment and conducted an informal interview where Petitioner was informed that his order of supervision was being revoked to enforce his removal from the United States.

14. On December 16, 2025, ICE ERO was informed that the government of Cuba denied repatriation for Petitioner.

15. On December 30, 2025, Petitioner was served with a Notice of Removal advising him that ICE intends to remove him to Mexico. On January 11, 2026, ICE ERO transferred Petitioner to ERO El Paso Camp East Montana, in El Paso, Texas in preparation for removal to Mexico.

16. On January 19, 2026, Petitioner stated to ICE ERO that he did not want to be removed to Mexico, refused to sign removal documents and refused to exit the pod.

17. On February 18, 2026, Petitioner provided ICE ERO documentation that he has Spanish citizenship and requested that removal to Spain. Petitioner has a June 5, 2025, certification from the Spanish Civil Registry reflecting that he opted for Spanish nationality before the Civil Registry at the Consulate General of Spain in Miami in February 2024.

18. Because Petitioner does not have a Spanish Passport, Spain must issue travel documents approving his travel to Spain.

19. On May 4, 2026, the Spanish Consulate recognized Petitioner's Spanish citizenship, however they need to elevate the request for travel documents to a board to determine whether they are going to issue the travel documents due to Petitioner's criminal history.

20. On May 28, 2026, Petitioner filed a petition for writ of habeas corpus in the U.S. District Court for the Southern District of Florida, challenging his detention pursuant to Zadvydas. The court entered an Order to Show Cause on the same date, which included a stay of removal.

21. On July 10, 2026, ICE ERO submitted a travel-document request to the Consulate of Spain in Miami on Petitioner's behalf. The request included a proposed itinerary for Petitioner to travel to Spain on July 29, 2026. On August 12, 2026, in its correspondence with ERO Miami, the Consulate of Spain referred to Petitioner as a Spanish citizen, however the Consulate of Spain denied issuance of a temporary travel document "salvoconducto" for Petitioner as the government of Spain is reviewing Petitioner's Spanish nationality.

22. On August 5, 2026, the court dismissed the petition for Petitioner's failure to comply with the court's order resulting in this lawsuit.

23. Efforts to obtain travel documents remain active and ongoing. ICE ERO is engaging directly with the Spanish Embassy in Washington, D.C. to clarify the status of the nationality review and pursue issuance of a travel document for his removal to Spain. If the Embassy ultimately declines to issue a travel document, ICE ERO will request a formal response and if necessary, elevate the matter through the Department of States for further engagement with the Government of Spain.

24. ICE ERO has a meeting with the Embassy of Spain, Miami Consulate on Tuesday October 6, 2026 and will discuss expediting the issuance of travel document for Petitioner.

25. Petitioner is currently detained at the Krome North Service Processing Center (Krome) in Miami, Florida, pending his removal from the United States.

I declare under penalty of perjury that the foregoing is true and correct.

__________________________________
Luis Crespo
Deportation Officer

Date: 10/02/2026