**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26279-CIV-ALTONAGA**

**ERNESTO GARCIA**,

Petitioner,

v.

**WARDEN, KROME**
**DETENTION CENTER**, *et al.*,

Respondents.
_____________________________/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On October 2, 2026, the Court received *pro se* Petitioner, Ernesto Garcia's conventional filing containing 425 pages of sensitive medical records.[1] No notice or motion accompanied the documents, and it is unclear whether Petitioner intended to file them under seal.

To begin, Petitioner, like all other litigants, may not simply submit documents to the Court without further explanation. For example, under Local Rule 5.1(d) of the United States District Court for the Southern District of Florida, a party filing a document for the Court's review must, at minimum, file a notice of filing identifying the name of the party on whose behalf the filing is submitted; a description of the document being filed; and — important here — "the pleading, motion or other paper to which the document filed pertains and the purpose of the filing[.]" S.D. Fla. 5.1(d) (alteration added). Further, any party wishing to amend or supplement a pleading must

[1] The documents appear to have been mailed from an address other than Petitioner's detention facility. Petitioner is reminded that proper conventionally filed documents "are hard copies containing an original, handwritten (wet) signature of the . . . *pro se* party." CM/ECF Admin. P. § 1A (alteration and emphasis added). The Local Rules similarly contemplate that it is the *pro se* movant who conventionally files the motion to seal and any corresponding document(s) to be filed under seal. *See* S.D. Fla. L.R. 5.4(b)(2).

file a motion under Local Rule 15.1. *See* S.D. Fla. L.R. 15.1. Petitioner has submitted hundreds of pages of medical documents without leave of Court or any explanation as to their intended purpose or relation to this habeas proceeding, in violation of the Local Rules.

Given the documents' substance, it is moreover unclear whether Petitioner intended for them to be filed under seal. Local Rule 5.4(b)(1) provides, for all cases not otherwise sealed in their entirety, as follows:

> A party seeking to file information or documents under seal in a civil or criminal case shall . . . file and serve electronically via CM/ECF a motion to file under seal that sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the "proposed sealed material") with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material. The proposed sealed material shall not be filed unless the Court grants the motion to file under seal. The motion to file under seal shall specify the proposed duration of the requested sealing. The motion to file under seal and the docket text shall be publicly available on the docket.

S.D. Fla. L.R. 5.4(b)(1) (alteration added). As relevant here, a *pro se* litigant seeking leave to file a document under seal must file a motion to seal conventionally with the Clerk of Court and, if the motion is granted, submit the sealed filing to the Clerk and complete any required service thereof in accordance with Local Rule 5.4(b)(2).

Petitioner has neither filed a proper motion to seal under Local Rule 5.4(b) nor requested additional time to do so. For that matter, it is unknown whether Petitioner served the documents on Respondents, as required by Local Rules 5.2(a) and 5.4(b)(2). The Court acknowledges Petitioner's *pro se* status; even so, "*pro se* litigants still must conform to procedural rules." *Gendron v. Connelly*, No. 22-13865, 2023 WL 3376577, at *1 (11th Cir. May 11, 2023) (citation omitted). Thus, absent any explanation, motion to seal, or proof of service on Respondents, the Court will not consider the submitted documents.

**DONE AND ORDERED** in Miami, Florida, this 30th day of October, 2026.

Cecilia M. Altonaga

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**